**HOLLY A. SULLIVAN**
California State Bar No. 216376
110 West C Street, Suite 2105
San Diego, CA  92101
(619) 269-8054 (tel)
(619) 794-2263  (fax)
E-mail: hollyasullivan@yahoo.com

Attorney for MARSHALL

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE WILLIAM Q. HAYES)**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 14CR3034 |
| Plaintiff, | ) ) | DATE:      December 1, 2014 |
| | ) | TIME:      2:00 p.m. |
| v. | ) ) | |
| **JOY MARSHALL,** | ) ) | STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS |
| Defendant. | ) ) ) | |

**I.**

**BACKGROUND**[1]

On October 17, 2014, Ms. Marshall was charged in a one count indictment charging Ms. Marshall with a felony account of assault on a federal officer under Title 18 U.S.C. §111(a)(1) and (b).

The alleged assault occurred in the early morning hours of September 21, 2014 in the secondary area of the San Ysidro Port of Entry.  The alleged assault of the officer was through the use of Ms. Marshall's car key.  Through discovery provided to date, it appears officers/agents took photos of Ms. Marshall, the officer alleged to have been

---

[1] The statement of facts is based on the indictment and some discovery provided to date.  Ms. Marshall reserves the right to contest these facts.

assaulted, and that Ms. Marshall was under video surveillance during the alleged assault and possibly while in holding cells.

It is also counsel's belief that the driver of the car and friend of Ms. Marshall's, Kelson Laborde-Dickson, was deported following his statements to agents.

## II.

## MOTION TO COMPEL DISCOVERY AND PRESERVE EVIDENCE

Ms. Marshall moves for the production by the government of the following discovery and for the preservation of such evidence. The magistrate court in 14mj3264 ordered preservation of evidence on October 20, 2014. See attachment A. Counsel requests that in addition to the previous preservation order, any additional discovery requested is also preserved until the trial and/or disposition of this case. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of *any government agency*. See generally Kyles v. Whitley, 514 U.S. 419 (1995); United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989).

(1)    The Defendant's Statements. The government must disclose to Ms. Marshall  *all* copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the government intends to offer in evidence at trial; any response by the defendant to interrogation; the substance of any oral statements which the government intends to introduce at trial and any written summaries of the defendant's oral statements contained in the handwritten notes of the government agent; any response to any Miranda warnings that may have been given to the defendant; as well as any other statements by the defendant. Fed. R. Crim. P. 16(a)(1)(A). The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the government must reveal *all* the defendant's statements, whether oral or written, regardless of whether the government intends to make any use of those statements. This includes any "rough notes" that reference Ms. Marshall's statements in any way.

14cr3034

(2)     Arrest Reports, Notes and Dispatch Tapes.  Ms. Marshall also specifically requests that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding arrest or any questioning, if such reports have not already been produced *in their entirety*, be turned over.  This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained.  This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and Brady v. Maryland, 373 U.S. 83 (1963).  See also Loux v. United States, 389 F.2d 911 (9th Cir. 1968).  Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant are available under Fed. R. Crim. P. 16(a)(1)(B) and (c), Fed. R. Crim. P. 26.2 and 12(i).  Preservation of rough notes is requested, whether or not the government deems them discoverable.

Ms. Marshall specifically requests a copy of any audiotapes of *any* interrogation or questioning.  At least some written reports have been provided at this time. Ms. Marshall also requests the following which has been conveyed to previous assigned counsel from the United States Attorney's Office: 1) any recordings of Ms. Marshall and her companion Kelson Laborde-Dickson while they were in primary or secondary inspection; 2) any recordings or reports of recordings taken during the incident at secondary; 3) statements or recordings of the victim agent/officer.

(3)     Brady Material.  Ms. Marshall requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case.  Impeachment as well as exculpatory evidence falls within Brady's definition of evidence favorable to the accused. United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976).

(4)     Any Information That May Result in a Lower Sentence Under The Guidelines.  As discussed above, this information is discoverable under Brady v. Maryland, 373 U.S. 83 (1963).  This request includes any cooperation or attempted

cooperation by the defendant, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines. Also included in this request is any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, or any other application of the Guidelines.

(5)   <u>The Defendant's Prior Record</u>.  Evidence of prior record is available under Fed. R. Crim. P. 16(a)(1)(B).  Counsel specifically requests a complete copy of any criminal record.  Ms. Marshall requests all evidence, documents, records of judgments and convictions, photographs and tangible evidence, and information pertaining to any prior arrests and convictions.

(6)   <u>Any Proposed 404(b) Evidence</u>.  Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(c) and Fed. R. Evid. 404(b) and 609.  In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial.  The defendant requests that such notice be given *three weeks before trial* in order to give the defense time to adequately investigate and prepare for trial.

(7)   <u>Evidence Seized</u>. Evidence seized as a result of any search, either warrantless or with a warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)(c), and Ms. Marshall requests it.  Ms. Marshall specifically requests any tests run on the car keys which are alleged to be the assault weapon and a viewing as soon as possible of the car keys.  Additionally, Ms. Marshall requests the car keys be available for review of any defense experts which deem viewing necessary.  Ms. Marshall also requests any information regarding cell phones of either herself or of Mr. Laborde which are in the custody of the government.

(8)   **Request for Preservation of Evidence**.  Ms. Marshall specifically requests that all tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the

14cr3034

arrest or the events leading to the arrest in this case be preserved. This request includes, but is not limited to, the results of any fingerprint analysis, the defendant's personal effects, the vehicle, personal effects of the driver of the car, and any other evidence seized from the defendant or any third party. It is requested that the government be ordered to *question* all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, and if it does exist to inform those parties to preserve any such evidence.

Ms. Marshall  requests that the government safeguard and preserve any videotape evidence, recordings or tapes until this case is resolved, and puts the government on notice that it is Ms. Marshall's contention that this evidence is discoverable under Brady v. Maryland, 373 U.S. 83 (1963). **Ms. Marshall also requests preservation of any blood evidence or DNA evidence from the alleged weapon of assault, the car keys.**

(9)   Tangible Objects. Ms. Marshall requests, under Fed. R. Crim. P. 16(a)(1)(c), the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible portions objects, including photographs, books, papers, documents, photographs of buildings or places or copies of thereof which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to the defendant.

(10)   Evidence of Bias or Motive to Lie. Ms. Marshall requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony. Pennsylvania v. Ritchie, 480 U.S. 39 (1987); United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988).

(11)   Impeachment Evidence. Ms. Marshall requests any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to the defendant. See Fed. R. Evid. 608, 609 and 613. Such evidence is discoverable under Brady v. Maryland, supra. See United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988)

14cr3034

1  (witness' prior record); <u>Thomas v. United States</u>, 343 F.2d 49 (9th Cir. 1965) (evidence

2  that detracts from a witness' credibility).

3  (12) <u>Evidence of Criminal Investigation of Any Government Witness</u>.

4  Ms. Marshall requests any evidence that any prospective witness is under investigation

5  by federal, state or local authorities for any criminal conduct. <u>United States v. Chitty</u>,

6  760 F.2d 425 (2d Cir. 1985).

7  (13) <u>Evidence Affecting Perception, Recollection, Ability to Communicate</u>. Ms.

8  Marshall requests any evidence, including any medical or psychiatric report or

9  evaluation, tending to show that any prospective witness's ability to perceive,

10  remember, communicate, or tell the truth is impaired; and any evidence that a witness

11  has ever used narcotics or other controlled substance, or has ever been an alcoholic.

12  <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988); <u>Chavis v. North Carolina</u>, 637

13  F.2d 213, 224 (4th Cir. 1980).

14  (14) <u>Witness Addresses</u>. Ms. Marshall requests the name and last known

15  address of each prospective government witness. <u>See</u> <u>United States v. Napue</u>, 834 F.2d

16  1311 (7th Cir. 1987); <u>United States v. Tucker</u>, 716 F.2d 576 (9th Cir. 1983) (failure to

17  interview government witnesses by counsel is ineffective); <u>United States v. Cook</u>, 608

18  F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses). The

19  defendant also requests the name and last known address of every witness to the crime

20  or crimes charged (or any of the overt acts committed in furtherance thereof) who will

21  <u>not</u> be called as a government witness. <u>United States v. Cadet</u>, 727 F.2d 1453 (9th Cir.

22  1984).

23  (15) <u>Name of Witnesses Favorable to the Defendant</u>. Ms. Marshall requests the

24  name of any witness who made any arguably favorable statement concerning the

25  defendant or who could not identify him or who was unsure of his identity, or

26  participation in the crime charged. <u>Jackson v. WainLumaban</u>, 390 F.2d 288 (5th Cir.

27  1968); <u>Chavis v. North Carolina</u>, 637 F.2d 213, 223 (4th Cir. 1980); <u>Jones v. Jago</u>, 575

28

1  F.2d 1164, 1168 (6th Cir.), <u>cert. denied</u>, 439 U.S. 883 (1978); <u>Hudson v. Blackburn</u>, 601

2  F.2d 785 (5th Cir. 1979), <u>cert. denied</u>, 444 U.S. 1086 (1980).

3       **In particular, there are numerous cars in secondary inspection during this**

4  **event.  Ms. Marshall requests the name and any contact information of any of these**

5  **peoples who were a witness to the event.  Ms. Marshall also requests the name of**

6  **the officer who was standing next to the victim officer immediately preceding the**

7  **victim officer pushing Ms. Marshall against her car while attempting to restrain**

8  **her.**

9       **Ms. Marshall also requests any contact information given for Kelson**

10 **Laborde-Dickson including immigration documentation showing any deportation**

11 **to the United Kingdom which occurred after his statement was taken by agents on**

12 **September 21, 2014.**

13      (16)   <u>Statements Relevant to the Defense</u>.  Ms. Marshall requests disclosure of

14 any statement that may be "relevant to any possible defense or contention" that he might

15 assert.  <u>United States v. Bailleaux</u>, 685 F.2d 1105 (9th Cir. 1982).

16      (17)   <u>Jencks Act Material</u>.  Ms. Marshall requests all material to which Ms.

17 Marshall is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance

18 of trial, including dispatch tapes.  A verbal acknowledgment that "rough" notes

19 constitute an accurate account of the witness' interview is sufficient for the report or

20 notes to qualify as a statement under § 3500(e)(1).  <u>Campbell v. United States</u>, 373 U.S.

21 487, 490-92 (1963).

22      (18)   <u>Giglio Information</u>.  Pursuant to <u>Giglio v. United States</u>, 405 U.S. 150

23 (1972), Ms. Marshall requests all statements and/or promises, expressed or implied,

24 made to any government witnesses, in exchange for their testimony in this case, and all

25 other information which could arguably be used for the impeachment of any

26 government witnesses.

27      (19)   <u>Reports of Scientific Tests or Examinations</u>.  Pursuant to Fed. R. Crim. P.

28 16(a)(1)(D), Ms. Marshall  requests the reports of all tests and examinations conducted

1   upon the evidence in this case. Including, but not limited to, any fingerprint testing done

2   upon any evidence seized in this case, that is within the possession, custody, or control

3   of the government, the existence of which is known, or by the exercise of due diligence

4   may become known, to the attorney for the government, and which are material to the

5   preparation of the defense or are intended for use by the government as evidence in

6   chief at the trial. **This would also include any medical records of the victim agent**

7   **and of Ms. Marshall.**

8       (20)   Henthorn Material. Ms. Marshall requests that the prosecutor review the

9   personnel files of the officers involved in his arrests, and those who will testify, and

10  produce to him any exculpatory information at least two weeks prior to trial and one

11  week prior to the motion hearing. See United States v. Henthorn, 931 F.2d 29 (9th Cir.

12  1991). In addition, he requests that if the government is uncertain whether certain

13  information is to be turned over pursuant to this request, that it produce such

14  information to the Court in advance of the trial and the motion hearing for an *in camera*

15  inspection.

16      (21)   Informants and Cooperating Witnesses. Ms. Marshall requests disclosure

17  of the names and addresses of all informants or cooperating witnesses used or to be used

18  in this case. The government must disclose the informant's identity and location, as

19  well as disclose the existence of any other percipient witness unknown or unknowable

20  to the defense. Roviaro v. United States, 353 U.S. 53, 61-62 (1957). Ms. Marshall also

21  requests disclosure of any information indicating bias on the part of any informant or

22  cooperating witness. Giglio v. United States, 405 U.S. 150 (1972). Such information

23  would include what, if any, inducements, favors, payments, or threats were made to the

24  witness to secure cooperation with the authorities.

25      (22)   Expert Witnesses. Ms. Marshall requests disclosure of the identities of any

26  expert witnesses the government intends to call at trial as well as "a written summary of

27  testimony that the government intends to use," including the "witnesses' opinions, the

28  bases and the reasons for those opinions, and the witnesses' qualifications." Fed. R.

14cr3034

1    Crim. P. 16(a)(1)(E).

2        (23)   <u>Residual Request</u>.  Ms. Marshall intends by this discovery motion to

3    invoke his rights to discovery to the fullest extent possible under the Federal Rules of

4    Criminal Procedure and the Constitution and laws of the United States.  This request

5    specifically includes all subsections of Rule 16.  Ms. Marshall requests that the

6    government provide her and her attorney with the above requested material sufficiently

7    in advance of trial.  **Counsel specifically requests all evidence the government**

8    **intends to use in their case in chief under FRCP 12(b)(4)(B) in order that**

9    **suppression of evidence can be evaluated.**

10                                    **III.**

11            **MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS**

12        Defense counsel has received some discovery and requests leave to file additional

13   motions after discovery is produced and reviewed.  Counsel anticipates filing additional

14   motions following receipt of the above information requested.  Counsel does not at this

15   time have any reciprocal discovery or expert notice however, that may change upon

16   receipt of further discovery.

17                                    **IV.**

18                              **CONCLUSION**

19        For the foregoing reasons, Ms. Marshall respectfully requests that the Court grant

20   the above motions.

21                              Respectfully submitted,

22

23   Dated:  October 27, 2014          **/s/ *Holly A. Sullivan***
                                       **HOLLY A. SULLIVAN**
24                                     Attorney for Ms. Marshall
                                       hollyasullivan@yahoo.com
25

26

27

28

## CERTIFICATE OF SERVICE

Counsel for Defendant certifies that the foregoing pleading is true and accurate to the best information and belief, and that a copy of the foregoing document has been served this day upon:

By e-filing to Assistant U.S. Attorney


Dated:  October 28, 2014                    /s/ HOLLY A. SULLIVAN
                                            110 West C Street, Suite 2105
                                            San Diego, CA  92101
                                            (619) 269-8054 (tel)
                                            (619) 794-2263  (fax)
                                            hollyasullivan@yahoo.com (email)

14cr3034